ALICE CALMES'S EX'X, ET AL., *v.* WALLER CALMES, ET AL.

**Wills—Construction.**

> When a testator leaves debts they must be paid out of the fund constituting the residuary bequest, rather than out of specific legacies.

### APPEAL FROM CLARK CIRCUIT COURT.

November 16, 1877.

OPINION BY JUDGE LINDSAY:

The awkward manner in which the bequest to H. W. Calmes is connected with the provision made by the testatrix for the payment of her funeral expenses and debts, including the debt due him for $2,838, affords some ground for the inference that she intended these expenses and debts to be paid out of her bank and turnpike stock, and that said Calmes should then have one-third of the stocks not exhausted in making these payments. But the language of the will, when taken altogether, completely rebuts this inference.

She bequeathes to him one-third of all her stock in each of several banks, all of which are specifically named, and one-third of her stock in a particular turnpike road company, and then says, "I also direct my executors hereinafter named to pay to my said husband the sum of $2,838, with interest," etc. It is thus made clear that this payment was to be in addition to the one-third of the stock bequeathed, and there is no sufficient reason for concluding the testatrix intended her other debts and her funeral expenses to be paid out of a fund different from that devoted to the payment of this particular debt.

We do not think the language of the will requires a departure from the general rule of construction, that the debts of the deceased must be paid out of the fund constituting the residuary bequest, rather than out of specific legacies. And this construction, we think, complies with the terms of the power under which the testatrix acted when she made and published her will.

Judgment *affirmed.*.

*J. A. Prall,* for appellants.    *Huston & Mulligan,* for appellees.